IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH ALFRED PARKS, JR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-080 |
| | ) | (Formerly CR 119-034) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution Williamsburg in Slater, South Carolina, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion is now before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

I.   BACKGROUND

On September 24, 2018, the grand jury in the Southern District of Georgia charged Petitioner with (1) Possession With Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c), and (3) Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). United States v. Parks, CR 119-034, doc. no. 1 (S.D. Ga. Mar. 7, 2019) (hereinafter "CR 119-034"). On May 17, 2019, Petitioner, represented by

attorney Lucy J. Bell, pled guilty to the distribution and felon in possession charges. Id., doc. nos. 20-22. In exchange for Petitioner's guilty plea, the government agreed to dismiss the Indictment's remaining count, make no objection to a two-point acceptance of responsibility reduction if recommended by the U.S. Probation Office, move for an additional one-point reduction under U.S.S.G. § 3E1.1(b), and move for downward departure of the sentence based on Petitioner's cooperation pursuant to U.S.S.G § 5K1.1. Id., doc. no. 22, pp. 4-5.

On September 11, 2019, Chief United States District Judge J. Randal Hall sentenced Petitioner to 126 months imprisonment, three years supervised release, a $1,500 fine, and a special assessment of $100.00. Id., doc. no. 27. The judgment was entered on September 12, 2019. Id., doc. no. 30. Petitioner did not file a direct appeal. Petitioner signed the instant § 2255 motion on June 23, 2023. (Doc. no. 1, p. 13.) Petitioner alleges new precedent, New York State Rifle & Pistol Ass'n, Inc. v. Bruen, protects his Second Amendment right to carry a firearm, rendering 18 U.S.C. § 922(g)(1) unconstitutional and his firearm conviction subject to vacatur. (Doc. no. 1, p. 12 (citing Bruen, 142 S. Ct. 2111 (2022)).

## II.   DISCUSSION

### A.   The Motion Is Untimely

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner's judgment of conviction was entered on September 12, 2019, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later on September 26, 2019.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1).  Petitioner signed the present motion on June 23, 2023, and the Clerk docketed the motion on June 27, 2023.  (Doc. no. 1, p. 13.)  Thus, Petitioner filed his § 2255 motion almost four years after his conviction became final, and his motion is untimely.

Petitioner argues the Supreme Court in Bruen recognized a new right such that his one-year statute of limitations to file a § 2255 motion should be calculated based on 28 U.S.C. § 2255(f)(3).  (Doc. no. 1, p. 12.)  If true, his one-year statute of limitations to file his § 2255 motion would start upon issuance of Bruen on June 23, 2022, and his motion would be timely. 142 S. Ct. at 2111.  Therefore, this Court must base its timeliness decision on whether Bruen initially recognized a right and made that right retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f)(3).

The Supreme Court in Bruen invalidated a New York firearm restriction was unconstitutional because it prevented "law-abiding citizens with ordinary self-defense needs from exercising their Second-Amendment right to keep and bear arms in public for self-defense."  142 S. Ct. at 2117.  The decision emphasized its specific intention to reach

3

"ordinary, law-abiding citizens" who apply for carry licenses. Id. at 2122. Concurring opinions emphasized the narrow scope of the decision to dismantle "may-issue" regulatory schemes without disturbing state and federal prohibitions on felons possessing firearms. Id. at 2161-2163 (Kavanaugh, J., concurring).

Courts in the Eleventh Circuit have correctly held Bruen does not satisfy the criteria in 28 U.S.C. § 2255(f)(3) to restart the clock for filing a § 2255 motion. See, e.g., Salley v. United States, No. 8:19-CR-317-MSS-AEP, 2023 WL 3568618, at *2 (M.D. Fla. May 18, 2023) ("Bruen established a right for 'law-abiding citizens' in the context of firearms licensing, Bruen did not establish a newly recognized right that protects [a convicted felon]."); see also In re Terry, 2022 WL 20033240 (11th Cir. Nov. 14, 2022) ("[T]o the extent that the right recognized in Bruen is a previously unavailable, new rule of constitutional law, Bruen has not been made retroactive to cases on collateral review by the Supreme Court.") (internal quotations omitted).

Further, courts have correctly found Bruen does not render 18 U.S.C. § 922(g)(1) unconstitutional, and thus cannot start a new one-year period to file a § 2255 motion. See, e.g., Leonard v. United States, 2023 WL 2456042, *10 (S.D. Fla. Mar. 10, 2023) ("Movant is not the first person to challenge the constitutionality of § 922(g)(1) after the Supreme Court decided Bruen, but § 922(g)(1)'s constitutionality has still been repeatedly affirmed."); see also Barragan-Gutierrez v. United States, 2023 WL 2837337, *2-4 (D. Wyo. Apr. 7, 2023) ("There is no indication that the Supreme Court in Bruen recognized any new Second Amendment right in the context of criminality. . . . This Court concludes as a matter of law that. . . . Bruen does not trigger a new one-year limitations period under 28 U.S.C. § 2255(f)(3).").

"Consequently, the limitation period did not start under Section 2255(f)(3) when Bruen issued." Salley, 2023 WL 3568618, at *2. Petitioner's motion was filed on June 23, 2023, but his time to file ended on September 26, 2020, one year after his conviction became final. His motion should be dismissed as untimely.

### B.  Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 384 (2013) (citing Murray v. Carrier,

5

477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 395 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Petitioner makes no arguments concerning his circumstances and whether he exercised diligence during the nearly four years he took to file his § 2255 petition. Further, Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Petitioner expressly stipulated his knowledge that he was previously convicted of a felony prior to knowingly possessing a firearm. CR 119-034, doc. no. 26. Indeed, his § 2255 motion relies entirely on the argument that § 922(g)(1) is unconstitutional and makes no claim that he is innocent. Accordingly, Petitioner is not eligible for equitable tolling.

### III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable

6

one-year statute of limitations.  Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA